I must respectfully dissent from that portion of the main opinion holding that the trial court should have instructed the jury that Wal-Mart had to prove its contributory-negligence *Page 331 
defense by "substantial evidence."
The main opinion cites § 12-21-12, Ala. Code 1975, for the proposition that Wal-Mart was required to prove its defense of contributory negligence by substantial evidence. That statute abolished the "scintilla rule," putting in its place the rule that "[i]n all civil actions brought in any court of the State of Alabama, proof by substantial evidence shall be required to submit an issue of fact to the trier of the facts." However, this Court held in Ex parte Gradford, 699 So.2d 149 (Ala. 1997):
 "Clearly, the substantial evidence rule [in § 12-21-12] pertains only to `rulings by the court' on the sufficiency of the evidence as presented by motions for summary judgment or motions for judgment as a matter of law (the current terminology; see Rule 50, Ala.R.Civ.P.). No one would have suggested before the adoption of Act No. 87-184 that the burden of proof on a plaintiff was to `reasonably satisfy the jury by a scintilla of evidence'; the burden was simply to `reasonably satisfy you [the jury] by the evidence,' Instruction 8.00, Alabama Pattern Jury Instructions: Civil
(1st ed. 1974). That burden was not changed by the adoption of Act No. 87-184, as the pattern jury instruction committee apparently recognized when it did not change Instruction 8.00 in the second edition."
699 So.2d at 150-51. In contrast, the AMLA, in § 6-5-549, specifically provides:
 "In the case of a jury trial, the jury shall be instructed that in order to return a verdict against a health care provider, the jury shall be reasonably satisfied by substantial evidence that the health care provider failed to comply with the standard of care and that such failure probably caused the injury or death in question."
The AMLA altered the standard of proof in a medical-malpractice case, in order to protect "health care providers." Nothing in the AMLA provides that the standard of proof for defenses in a medical-malpractice action shall also have a heightened standard of proof.
The trial court properly charged the jury. The AMLA imposes a higher burden of proof on a plaintiff bringing a medical-malpractice claim. The AMLA was not intended to benefit the plaintiff with this higher burden by requiring that a defense be proved by "substantial evidence" as well. I find no violation of the Equal Protection Clause of the United States Constitution, or of §§ 1, 6, and 22 of Article I, Constitution of Alabama 1901, because the unequal treatment has a rational relation to a legitimate state interest — "to insure that quality medical services continue to be available at reasonable costs to the citizens of the State of Alabama." Ala. Code 1975, § 6-5-540.
I agree with the main opinion that a pharmacist is within the AMLA's definition of "health care provider," and I agree that the trial court properly entered a directed verdict on the wantonness claim. I do not agree that the trial court should have charged the jury that Wal-Mart had to prove its contributory-negligence claim by "substantial evidence." I would affirm the judgment of the trial court.